IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-53-FL

| | | |
|---|---|---|
| KATHY JUANITA REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BROOKS PIERCE - GREENSBORO; | ) | |
| DANIEL F.E. SMITH II, individually; | ) | |
| FREDDIE WILLIAMSON, individually; | ) | |
| MELISSA THOMPSON, individually; | ) | |
| HERMAN LOCKLEAR, individually; | ) | |
| EVERETTE TEAL, individually; ANGELA | ) | |
| FAULKNER, individually; MICHAEL | ) | |
| MIKE SMITH, individually; BRENDA | ) | |
| FAIRLEY-FEREBEE, individually; | ) | ORDER |
| PUBLIC SCHOOLS OF ROBESON | ) | |
| COUNTY; PUBLIC SCHOOLS OF | ) | |
| ROBESON COUNTY (PSRC) BOARD OF | ) | |
| EDUCATION; MAXTON POLICE | ) | |
| DEPARTMENT; CATHERINE TRUITT; | ) | |
| NORTH CAROLINA DEPARTMENT OF | ) | |
| PUBLIC INSTRUCTION; PUBLIC | ) | |
| SCHOOLS OF NORTH CAROLINA; | ) | |
| NORTH CAROLINA STATE BOARD OF | ) | |
| EDUCATION (NC SBE); ROY COOPER; | ) | |
| and STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon pro se plaintiff's motion for leave to proceed in forma pauperis (DE 1). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's motion for leave to proceed in forma pauperis be

denied and, alternatively that her complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (DE 7). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge concluded that the information provided by plaintiff failed to demonstrate sufficient evidence that payment of the required court costs would deprive her or her family of the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. The court hereby ADOPTS the recommendation of the magistrate judge regarding plaintiff's motion to proceed in forma pauperis as its own. Plaintiff's motion is DENIED (DE 1). See also Hunter v. Roventini, 617 F. App'x 225, 226 (4th Cir. 2015) (per curiam) ("[A] denial of . . . a motion [to proceed in forma pauperis] is the functional equivalent of an involuntary dismissal[.]" (quoting Woods v. Dahlberg, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam))).

In addition, and in the alternative, plaintiff's proposed complaint fails to state a claim upon which relief may be granted, for which reason the magistrate judge recommends dismissal of the complaint. The court's review of that portion of the M&R also reveals the magistrate judge's analysis to be thorough and without clear error. For the reasons explained by the magistrate judge,

2

Case 7:22-cv-00053-FL    Document 8    Filed 06/30/22    Page 2 of 3

plaintiff has not alleged or otherwise demonstrated that she has exhausted her administrative remedies related to her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., meaning that claim is subject to dismissal. Chacko v. Patuxent Inst., 429 F.3d 505, 508-09 (4th Cir. 2005). As to plaintiff's claim for violations of her due process rights protected by the Fourteenth Amendment, fairly construed as arising under 42 U.S.C. § 1983, plaintiff has been provided the process that is due constitutionally at this point, accepting her allegations as true. See Zinermon v. Burch, 494 U.S. 113, 125 (1990). Finally, as discussed in the M&R, plaintiff's claim under North Carolina's Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq., fails given the forum in which it was brought and the intentional nature of the wrongs she alleges. N.C. Gen. Stat. § 143-291(a) (enumerating the North Carolina Industrial Commission as the forum in which North Carolina has waived its sovereign immunity as to certain torts claims); White v. Trew, 366 N.C. 360, 363 (2013) (explaining that "intentional acts of [state employees] are not compensable" under the Tort Claims Act).[1]

In sum, plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, in the alternative and in addition to dismissal without prejudice as a result of the DENIAL of her motion to proceed in forma pauperis (DE 1), the court DISMISSES WITHOUT PREJUDICE plaintiff's complaint for that separate reason. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of June, 2022.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Plaintiff's invocation of various privacy-of-information statutes in her proposed complaint is similarly unavailing. See 5 U.S.C. § 552a (concerning disclosure by federal agencies); 15 U.S.C. §§ 1681r (controlling disclosure of certain credit information by credit reporting agencies); 29 U.S.C. § 218 (failing to contain a subsection (c) as cited by plaintiff); 38 C.F.R. § 75.113 (enumerating the definition of a data breach in reference to the Department of Veterans Affairs).